UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MARCUS QUALLS,<br>**Individually and on Behalf of All**<br>**Others Similarly Situated,**<br><br>　　　　**Plaintiff,**<br><br>v.<br><br>**EOG RESOURCES, INC.**<br><br>　　　　**Defendant.** | **Civil Action No.**<br>**4:18-cv-00666**<br>*(Transferred from the District of New Mexico)* |

## DEFENDANT EOG RESOURCES INC.'S REPLY IN SUPPORT OF DEFENDANT'S MOTION TO STAY PROCEEDINGS PENDING ARBITRATION

Defendant EOG Resources, Inc. ("EOG") files this Reply in support of its Motion to Stay Pending Arbitration.

### I.　　SUMMARY OF REPLY

EOG's motion should be granted for the following reasons. First, Fifth Circuit precedent allows non-signatories to an arbitration agreement to seek a mandatory stay under Section 3 of the Federal Arbitration Act ("FAA"). Second, the *EOG Lawsuit* and the *Bedrock Arbitration* share the same operative facts. Plaintiff's attempts to draw distinctions between the two nearly identical proceedings are unavailing. Third, permitting the *EOG Lawsuit* to go forward will have a significant impact on the arbitration. Plaintiff's bare recitation of his own beliefs and the alleged beliefs of Bedrock's counsel are not dispositive. Four, judicial economy is served by avoiding concurrent and identical proceedings through a stay. Plaintiff's reliance on arguments in his motion for equitable tolling are unavailing.

## II.     ARGUMENT

### A. In the Fifth Circuit, Non-Signatories to an Arbitration Agreement Can Seek a Mandatory Stay Under Section 3 of the FAA.

As the Fifth Circuit outlined in *Waste Mgmt., Inc. v. Residuos Industriales Multiquim, S.A. de C.V.,* non-signatories can invoke Section 3 of the FAA for a mandatory stay of litigation when (1) the arbitrated and litigated disputes involve the same operative facts; (2) the claims asserted in the arbitration and litigation are inherently inseparable; and (3) the litigation has a critical impact on the arbitration.  372 F.3d 339, 343 (5th Cir. 2004).  Plaintiff asserts that "the Fifth Circuit has repeatedly cautioned that '[g]enerally, this section applies only to parties to the arbitration agreement."  Doc. 45, *EOG Lawsuit,* at 3.  However, Plaintiff's authorities for this proposition are misleading.  Plaintiff first points to *Adams v. Georgia Gulf Corp.,* 237 F.3d 538 (5th Cir. 2001), a case decided ***before*** *Waste Management*.  The Court in *Adams v. Georgia Gulf Corp.* expressly noted that recent decisions by the Fifth Circuit permitted non-signatories to an arbitration agreement to invoke the mandatory stay provision of the FAA.  237 F.3d 538, 540-41 (analyzing cases allowing non-signatories to an arbitration agreement to invoke the mandatory stay provision of the FAA).  Plaintiff's additional citations are to decisions that have been abrogated.  *See Todd v. Steamship Mut. Underwriting Ass'n (Bermuda) Ltd.*, 601 F.3d 329, 333 (5th Cir. 2010) (noting that "In *Carlisle,* however, the Supreme Court rejected the reasoning in *Zimmerman* and *Big Foot*, concluding instead that nonsignatories to arbitration agreements (such as direct action plaintiffs) may sometimes be compelled to arbitrate.").

Accordingly, the framework of analysis illustrated by *Waste Management* is the controlling Fifth Circuit case on the issue, and applying this framework here demonstrates that a stay is proper.

### B. The *EOG Lawsuit* and the *Bedrock Arbitration* Share the Same Operative Facts.

Plaintiff's attempts to draw distinctions between the underlying facts in the *EOG Lawsuit* and the *Bedrock Arbitration* are unavailing. Despite Plaintiff's best efforts, the fact remains that EOG's only relationship with the Plaintiff and those he seeks to represent was through Bedrock. Plaintiff's own Complaint makes this clear. The first paragraph in Plaintiff's Complaint alleges that Qualls "**interviewed and was hired by Bedrock**, and he worked exclusively as a Consultant for EOG." Doc. 1, *EOG Lawsuit*, ¶ 1 (emphasis added). The first paragraph further alleges, "[o]n information and belief, there are a large number of workers that **have been hired by Bedrock (and are paid through Bedrock)** but are working strictly for EOG in New Mexico." *Id*. In addition, the class of individuals the Plaintiff seeks to represent are defined as "[a]ll oilfield workers **hired by Bedrock** and working for EOG in New Mexico during the past 3 years who were classified as independent contracts and paid a day-rate and/or straight time with no overtime." *Id.* at ¶ 3 (emphasis added). Absent Bedrock's involvement, EOG does not have any relationship with the Plaintiff or those he seeks to represent. Plaintiff's characterization of Bedrock as an "unrelated entity" is contrary to his own allegations.

Plaintiff asserts that the ultimate issue in the case is the "control" EOG or Bedrock had over the Plaintiff and the proposed class members. This will be a key issue in both cases. Since EOG's only relationship with the Plaintiff and the proposed class members is through Bedrock, the amount of "control" exercised by Bedrock is directly material to determining the amount of "control" exercised by EOG. Further, taking into consideration Plaintiff's allegation that all potential class members were paid through Bedrock, Bedrock's payments to Plaintiff and any class members will be material to any potential damage calculations in the *EOG Lawsuit*.

Plaintiff's attempts to distinguish EOG's authorities fail. Plaintiff provides the blanket conclusion that each case cited by EOG is distinguishable because they concerned "substantially

interdependent and concerted misconduct by both the nonsignatory and one or more of the signatories to the contract." Doc. 45, *EOG Lawsuit*, at pg. 5. Plaintiff fails to show how the *EOG Lawsuit* and *Bedrock Arbitration* are not substantially interrelated. The relationship between Bedrock and EOG will be important to determining how the Plaintiff and potential class members received training, how their job duties were determined, who they had to report to, and how they were compensated. These are inquiries that involve both EOG and Bedrock and they cannot be pursued independently. Furthermore, applying the analysis from *Waste Management* demonstrates that the claims in the *EOG Lawsuit* and *Bedrock Arbitration* are inherently inseparable. In *Waste Management*, the Fifth Circuit noted that arbitration and litigation claims were inseparable because both actions sought to recover the same payment. *Waste Mgmt., Inc.*, 372 F.3d 339, 345. Here, Plaintiff and the potential class members bring a wage and hour claim seeking overtime for the period they provided work to EOG and were paid by Bedrock. Similar to *Waste Management,* the *EOG Litigation* and *Bedrock Arbitration* are inseparable because they seek same remedy for the same alleged violation.

### C. Permitting the *EOG Lawsuit* to Go Forward Will Have a Significant Impact on the *Bedrock Arbitration*.

Plaintiff's also asserts that allowing the *EOG Lawsuit* to go forward will have no impact on the *Bedrock Arbitration*. This is simply not true. The Fifth Circuit has specifically found that allowing factually similar proceedings to move forward in court and in arbitration has a significant impact on the arbitration. *See Waste Mgmt., Inc.*, 372 F.3d 339, 345 ("Given the binding effect of a federal judgment, as well as the factual similarities in WM's asserted claims, the ICC arbitrator would necessarily be strongly influenced to follow the court's determination."). District courts in the Fifth Circuit have reached a similar conclusion. *Mosaic Underwriting Serv., Inc. v. Moncla Marine Operations, L.L.C.,* No. 12-cv-02183, 2013 WL

2903083, at *7 (E.D. La. June 12, 2013); *MobileMedia Ideas LLC v. Research in Motion Ltd.,* No. 11-CV-2353-N, 2012 WL 10464129, at *1 (N.D. Tex Mar. 21, 2012); *Westport Petroleum, Inc. v. Stena Bulk, Ltd.,* No. 05-cv-04158, 2006 WL 4586213, at *4 (S.D. Tex. Sept. 5, 2006).

Plaintiff's argument is based on his own general beliefs and alleged statements by Bedrock's counsel.  Doc. 45, *EOG Lawsuit*, at 7.  These alleged statements by counsel for Bedrock are hearsay and EOG objects and moves to strike the allegations.  Tellingly, Plaintiff's single case citation misconstrues the Fifth Circuit analysis in *Waste Management* by quoting from the court's summary of the argument proposed by the party objecting to a stay.  Doc. 45, *EOG Lawsuit*, at pg. 7; *see Waste Mgmt., Inc.,* 372 F.3d 339, 344.  This argument was clearly rejected by the Fifth Circuit later in their opinion.  *See Waste Mgmt., Inc.*, 372 F.3d 339, 345. Due to near identical claims in each proceeding, allowing the *EOG Lawsuit* to move forward would have a significant impact on the *Bedrock Arbitration.*

**D.  Judicial Economy Is Served by Avoiding Identical and Concurrent Proceedings.**

Staying the *EOG Lawsuit* will avoid duplication and redundant efforts in these two proceedings.  Plaintiff's reliance on arguments in his Motion for Equitable Tolling are without merit.  As further explained in EOG's Response to Plaintiff's Motion for Equitable Tolling, staying the *EOG Lawsuit* will have no impact in the potential class members' ability to pursue their claims.  Put differently, a stay will have no impact on the Plaintiff and potential class members' ability to pursue nearly identical claims in the *Bedrock Arbitration.*  Judicial economy will be served by avoiding concurrent identical proceedings.

## CONCLUSION

EOG respectfully requests that the Court grant its Motion to Stay Pending Arbitration, and provide it with any and all other relief to which it is entitled.

| | |
|---|---|
| Dated: May 16, 2018 | Respectfully submitted, |

OF COUNSEL:

Kimberly Cheeseman
State Bar No. 24082809
Federal I.D. No. 2254668
E-mail:
kimberly.cheeseman@
nortonrosefulbright.com

Jesika Silva Blanco
State Bar No. 24098428
Federal I.D. No. 2780677
E-mail: jesika.blanco@nortonrosefulbright.com

Norton Rose Fulbright US LLP
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
Telephone:  713.651.5112
Facsimile:  713.651.5246

*/s/ Carter Crow*
   M. Carter Crow
   State Bar No. 05156500
   Federal I.D. No. 15048
   carter.crow@nortonrosefulbright.com

NORTON ROSE FULBRIGHT US LLP
Fulbright Tower
1301 McKinney, Suite 5100
Houston, TX  77010-3095
Telephone:     (713) 651-5151
Facsimile:      (713) 651-5246

*Attorney-in-Charge for*
*EOG Resources, Inc.*

CERTIFICATE OF SERVICE

This pleading was served on the following opposing counsel via the Court's CM/ECF service in compliance with Rule 5 of the Federal Rules of Civil Procedure on May 16, 2018.

Josh Borsellino
Borsellino, P.C.
1020 Macon St. Suite 15
Fort Worth, Texas 76102
Telephone: (817) 908-9861
Fasmicile: (817) 394-2412
josh@dfwcounsel.com

*/s/ Kimberly Cheeseman*
Kimberly F. Cheeseman